Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001107
14-FEB-2013
09:04 AM

NO. CAAP-11-0001107
and
NO. CAAP-12-0000047


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of HAWAI'I STATE TEACHERS ASSOCIATION,
Complainant-Appellant/Appellant
and
NEIL ABERCROMBIE, Governor, State of Hawai'i;
KALBERT YOUNG, Director, Department of Budget
and Finance, State of Hawai'i; NEIL DIETZ,
Chief Negotiator, Office of Collective Bargaining,
State of Hawai'i; KATHRYN MATAYOSHI,
Superintendent, Department of Education,
State of Hawai'i; DONALD G. HORNER, Chairperson,
Board of Education, State of Hawai'i; and
JAMES D. WILLIAMS, Member, Board of Education,
State of Hawai'i (2011-027),
Respondents-Appellees/Appellees
and
UNIVERSITY OF HAWAI'I PROFESSIONAL ASSEMBLY,
Intervenor-Appellee/Appellee,
and
HAWAI'I LABOR RELATIONS BOARD; JAMES B. NICHOLSON;
SESNITA A.D. MOEPONO; and ROCK B. LEY,
Agency-Appellees/Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2271)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

This is a consolidated secondary appeal arising from a labor dispute between Complainant-Appellant/Appellant Hawai'i State Teachers Association (HSTA), Respondents-Appellees/Appellees Neil Abercrombie, Governor, State of Hawai'i; Kalbert Young, Director, Department of Budget and Finance, State of Hawai'i; Neil Dietz, Chief Negotiator, Office of Collective Bargaining, State of Hawai'i; Kathryn Matayoshi, Superintendent, Department of Education, State of Hawai'i; Donald G. Horner, Chairperson, Board of Education, State of Hawai'i; and James D. Williams, Member, Board of Education, State of Hawai'i (collectively, Abercrombie), and Agency-Appellees/Appellees Hawai'i Labor Relations Board, James B. Nicholson, Sesnita A.D. Moepono, and Rock B. Ley (collectively, HLRB). HSTA appeals from the following:

(1) "Order Granting Agency-Appellees Hawaii Labor Relations Board, et al.'s Ex-Parte Motion For Leave To Extend Time Within Which To File Certified Record On Appeal," filed October 19, 2011 (Motion for Extension);

(2) "Order Granting Respondents-Appellees' Motion To Dismiss For Lack Of Jurisdiction filed October 17, 2011," filed December 9, 2011;

(3) "Order Denying HSTA's Motion To Continue Hearings On Respondents-Appellees' Motion To Dismiss For Lack Of Jurisdiction And Agency-Appellee Hawaii Labor Relations Board's Substantive Joinder Thereto filed November 1, 2011," filed December 7, 2011;

(4) "Order Denying HSTA's Motion For Reconsideration, Filed on October 28, 2011," filed December 13, 2011;

(5) Judgment, filed December 9, 2011;

(6) "Notice of Entry of Judgment," filed December 9, 2011; and

(7) "Order Denying Agency Appellee Hawaii Labor Relations Board, et al.'s Motion To Amend The Complainant-

Appellant's Designation Of Record On Appeal, Dated September 30, 2011 And Order Of Certification And Transmittal Of Records, Dated September 30, 2011 And For Extension Of Time To File Certified Record On Appeal, Filed October 14, 2011," filed January 20, 2012.[1] All orders and judgments were entered in the Circuit Court of the First Circuit[2] (circuit court) in favor of Abercrombie and HLRB and against HSTA in the review of an interlocutory order issued by HLRB.

HSTA contends the circuit court erred when it:

(1) found the "Order Denying Complainant's Motion to Shorten Time to Hear Motion for Interlocutory Relief and To Expedite Issues Before the Board filed July 26, 2011" (Order No. 2814) by HLRB was not an appealable preliminary order thereby granting Abercrombie's Motion to Dismiss for Lack of Jurisdiction;

(2) denied HSTA's motion for continuance and hearing the motion to dismiss without reviewing the designated record on appeal; and

(3) granted HLRB's Motion for Extension and decided the substantive motion to dismiss without reviewing the complete record on appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude HSTA's appeal is without merit.

(1) HSTA contends the circuit court erred by dismissing the appeal before reviewing the designated record and holding Order No. 2814 was not an appealable interlocutory order.

_____

[1] HSTA filed a separate Notice of Appeal regarding this matter in CAAP-12-0000047. Subsequently, CAAP-12-0000047 and CAAP-11-0001107 were consolidated under CAAP-11-0001107 by order of this court dated February 9, 2012.

[2] The Honorable Rhonda A. Nishimura presided.

"The right to appeal is purely statutory and exists only when jurisdiction is given by some constitutional or statutory provision." Lingle v. Hawaii Gov't Emp. Ass'n, AFSCME, Local 512, AFL-CIO, 107 Hawai'i 178, 184, 111 P.3d 587, 593 (2005). "Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter[.]" Hawaii Revised Statutes § 91-14(a) (2012 Repl.).

HSTA asserts Order No. 2814 was "immediately appealable because appellant and the employees represented by HSTA were faced with the prospect of irreparable injury to the integrity of the collective bargaining process with no practical means of procuring effective relief after the close of agency proceedings." HSTA characterizes Order No. 2814 as an indefinite stay precluding injunctive relief. The circuit court, on the other hand, described Order No. 2814 as "a scheduling order [that] decides no issue of law or fact."

Order No. 2814 arose from HSTA's July 26, 2011 "Motion To Shorten Time To Hear Motion For Interlocutory Relief and To Expedite Resolution Of Issues Before The Board" requesting an expedited hearing for injunctive relief. In order to qualify for judicial review, the preliminary order must result in "irreparable injury" should the appellant be required to await final adjudication on the matter. See Mitchell v. State of Hawai'i Dep't of Educ., 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (internal quotation marks omitted). HSTA failed to show how failing to expedite a hearing that already took place caused irreparable harm.

The circuit court correctly concluded that Order No. 2814 decided a procedural issue of scheduling that did not deprive HSTA of injunctive relief. Even assuming that failing to

expedite the hearing resulted in delay, this does not automatically render a preliminary order appealable. "[T]he mere fact that there is delay or extra expenses involved would not amount to prejudice and allow a preliminary order to be subject to judicial review." Mitchell, 77 Hawai'i at 308, 884 P.2d at 371 (quoting Inouye v. Bd. of Trustees of the Emp. Ret. Sys., 4 Haw. App. 526, 532 n.6, 669 P.2d 638, 642 n.6 (1983)).

(2) HSTA contends the circuit court erred by dismissing the appeal for lack of jurisdiction before reviewing the record on appeal.

The circuit court was not required to review the record on appeal to ascertain jurisdiction. "Our review of a motion to dismiss for lack of subject matter jurisdiction is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff." Casumpang v. ILWU, Local 142, 94 Hawai'i 330, 337, 13 P.3d 1235, 1242 (2000) (quoting Love v. United States, 871 F.2d 1488 (9th Cir. 1989)) (formatting and brackets omitted).

"When considering a motion to dismiss pursuant to Rule 12(b)(1) the trial court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." Casumpang, 94 Hawai'i at 337, 13 P.3d at 1242 (citing McCarthy v. United States, 850 F.3d 558, 560 (5th Cir. 1988) (emphasis added and brackets omitted). "Neither the parties nor counsel have the right to cast upon this court the burden of searching a voluminous record" to determine jurisdiction when jurisdiction is not apparent on the face of the judgment or order giving rise to the appeal. Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1134, 1338 (1994). HSTA could not require the circuit court to examine the record in order to find jurisdiction when it was not apparent

5

from the Order No. 2814, pleadings, motions, or other documents submitted to the circuit court.

(3) HSTA contends the circuit court abused its discretion in granting HLRB leave to extend time to file the certified record on appeal and yet decided substantive motions without that record. With the Notice of Appeal to the circuit court, HSTA designated the "entire record of agency proceedings" related to the contract dispute. HLRB claimed the designation constituted an "overly broad and burdensome" request of documents unrelated to Order No. 2814 and evidenced this assertion with the HLRB log sheets documenting the numerous pleadings in this dispute. HLRB asserted that the dispute over the designation of the record would be moot if the circuit court dismissed the appeal for lack of subject matter jurisdiction. The circuit court granted HLRB's Motion for Extension, allowing until December 12, 2011, "subject to further extension as warranted." HSTA maintains the circuit court violated HSTA's right to due process by improperly granting leave to delay filing the record.

In an appeal to the circuit court, the official or body that rendered the order on appeal must certify and transmit the designated record "within 20 days of the date of the order or within such further time as may be allowed by the court." Hawai'i Rules of Civil Procedure (HRCP) Rule 72(d). HRCP Rule 72(d) gives the circuit court discretion to grant leave for extended time to certify and transmit the designated record on appeal. HRCP Rule 72(d). The circuit court did not clearly exceed bounds of reason nor disregard rules of law by granting leave in light of HLRB's assertion that the voluminous record of a pending action required more time to certify and transmit.

Furthermore, the circuit court acted within the bounds of reason to determine subject matter jurisdiction through review of the motions and opposition before mandating transmission of the record. See, Casumpang, 94 Hawai'i at 337, 13 P.3d at 1242.

Since the record on appeal was not necessary to the assessment of jurisdiction, the circuit court acted within its discretion to allow HLRB more time to produce the record on appeal.

Therefore,

IT IS HEREBY ORDERED that the

(1) "Order Granting Agency-Appellees Hawaii Labor Relations Board, et al.'s Ex-Parte Motion For Leave To Extend Time Within Which To File Certified Record On Appeal," filed October 19, 2011;

(2) "Order Granting Respondents-Appellees' Motion To Dismiss For Lack Of Jurisdiction filed October 17, 2011," filed on December 9, 2011;

(3) "Order Denying HSTA's Motion To Continue Hearings On Respondents-Appellees' Motion To Dismiss For Lack Of Jurisdiction And Agency-Appellee Hawaii Labor Relations Board's Substantive Joinder Thereto filed November 1, 2011," filed December 7, 2011;

(4) "Order Denying HSTA's Motion For Reconsideration, Filed on October 28, 2011," filed December 13, 2011;

(5) Judgment, filed December 9, 2011;

(6) Notice of Entry of Judgment, filed December 9, 2011; and

(7) "Order Denying Agency Appellee Hawaii Labor Relations Board, et al.'s Motion To Amend The Complainant-Appellant's Designation Of Record On Appeal, Dated September 30, 2011 And Order Of Certification And Transmittal Of Records, Dated September 30, 2011 And For Extension Of Time To File Certified Record On Appeal, Filed October 14, 2011," all entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawaiʻi, February 14, 2013.

On the briefs:

Herbert R. Takahashi
Rebecca L. Covert
Davina W. Lam

(Takahashi and Covert)
for Complainant-Appellant/Appellant.

James E. Halvorson,
Deputy Attorney General
Deirdre Marie-Iha,
Deputy Solicitor General
for Respondents-Appellees/Appellees.

Valri Lei Kunimoto
for Agency-Appellees/Appellees.

Presiding Judge

Associate Judge

Associate Judge